Wedgwood's case.

## WEDGWOOD'S *case.*

*In an indictment for adultery, a copy of the record of the marriage, though admissible in evidence, is not sufficient to establish the fact of the marriage, without proof of identity of the person.*

THE defendant being on trial, upon an indictment for adultery, the Attorney General offered in evidence, in proof of the marriage, a copy from the town records of *Lewiston* of the following tenor; " Mr. *Isaac Wedgwood* and Miss *Judith Kelly,* both of *Lewiston,* were joined in marriage *July* 15, 1821. *Dan Reed,* Justice of the peace." To the admission of the copy the counsel for the defendant objected, but it was admitted by *Weston J.* subject to the opinion of the court, the defendant being convicted.

*Sprague,* for the defendant, now sustained the objection, on the ground that the certificate afforded no proof of identity of the person; *Commonwealth v. Briggs,* 5 *Pick.* 429; and was, at most, only the copy of a copy.

The *Attorney General* relied on the usage under which such testimony had long been received without objection; and contended that it was correct in principle, being the record of an official return made pursuant to law.

MELLEN C. J. delivered the opinion of the Court.

The certificate of marriage offered and admitted in evidence is in due form, and properly authenticated, so that the question is

whether any proof of the marriage of the defendant was admissible, except the oath of the magistrate who is stated to have solemnized it ; or of some other person present at the ceremony. In cases of divorce, it is the constant practice to prove the marriage of the parties on the record, by a regular certificate of the record. But in *Ellis v. Ellis*, 11 *Mass.* 92, after the marriage between them had been duly proved, the libellant offered the certificate of Rev. Dr. *Lothrop* to prove a second marriage of the respondent with one *Mary Sawyer*, for the purpose of thus proving the adultery alleged. This certificate was considered insufficient, and Doct. *Lothrop* was called as a witness. In *Commonwealth v. Norcross*, 9 *Mass.* 492, who was indicted for adultery, the marriage of the defendant was proved by a person who was present at its solemnization ; and the question reserved was, whether the record of the marriage should not have been duly certified, as the higher and better evidence. The court decided that the witness was properly admitted, and they observed that " a copy of such record is not so satisfactory evidence as the testimony of witnesses. These last, indeed, are necessary to prove the identity of the parties." The certificate in the case before us is only proof of a marriage between " *Isaac Wedgwood* and *Judith Kelly*, both of *Lewiston*," in *July* 1821 ; but it does not prove that the defendant is the same person named in the certificate. The case of *Commonwealth v. Briggs*, 5 *Pick.* 429, cited by the defendant's counsel supports the same principle. This is the first cause in which the court have been called upon to decide as to the necessity of proof of identity in such a prosecution ; and an objection on account of the want of it not having been made, it has not been before required or produced. In the present case, however, as the objection was formally urged by the counsel, the question was left to the jury upon the evidence arising from the circumstance of the mere identity of names and the fact that the defendant once called the person with whom he was living by the name of *Judith*. On the whole we do not consider such proof sufficient or satisfactory. And as we now establish the rule that proof of identity must be produced in such cases,

it must be proof of identity of person, and not of name merely. It may serve as a guard against fraud and deception. For these reasons the verdict is set aside and a new trial granted.